**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT R. FARLEY,<br><br>Defendant. | Civil Action No. 25-02598 (GC) (TJB)<br><br>**OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff David Sanchez's Complaint (ECF No. 1), filed April 10, 2025. Plaintiff also applied to proceed *in forma pauperis* ("IFP"). (ECF No. 1-1.) By Memorandum Order entered May 20, 2025, the Court granted Plaintiff's IFP application and directed the Clerk to deem the Complaint filed. (ECF No. 3.) The Court now screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff is a pretrial detainee who, at the time of filing, was confined at Hudson County Correctional and Rehabilitation Center ("HCCRC") in Kearny, New Jersey. (ECF No. 1; ECF No. 1 at 3.) He brings this action pursuant to 42 U.S.C. § 1983 against Sergeant R. Farley, a correctional sergeant employed at HCCRC. (*Id.* at 3-4.)

Plaintiff alleges that on April 3, 2025, while he was out of his cell attending a court appearance, Sergeant Farley entered his cell on the Medical Unit, Building A-100 West, Cell 102, without his presence. (*Id.* at 4-5.) Plaintiff contends that entry into an occupied cell in the absence of the inmate is prohibited by jail policy, and that Farley failed to document the entry in the unit logbook as required. (*Id.* at 5.) Plaintiff alleges that, while in his cell, Farley removed all of his legal mail and personal property and never returned it. (*Id.* at 4-5.) Plaintiff further alleges that Farley "continues to abuse her power and mentally harass" him. (*Id.* at 4.)

Plaintiff states that he sought informal relief by raising the matter with lieutenants, captains, and the Inmate Advocate, but received no meaningful remedy—only assurances that they would look into the matter and ensure it would not happen again. (ECF No. 1 at 4.) Plaintiff alleges he received no relief. (*Id.*)

Plaintiff seeks $750,000 in damages for pain and suffering, an injunction preventing recurrence of this conduct, and an order requiring preservation of the unit camera footage from April 3, 2025. (ECF No. 1 at 5.) Plaintiff has since been released and is currently residing at Silva Lakes Hospital, 495 North 13th Street, Newark, New Jersey 07107. (ECF No. 1-2.)

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 (Apr. 26, 1996), district courts must review prisoner complaints when the prisoner proceeds IFP. 28 U.S.C. § 1915(e)(2)(B). The PLRA requires courts to *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A complaint survives dismissal if it contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court accepts all well-pleaded facts as true, draws all reasonable inferences in the plaintiff's favor, and reads the complaint liberally. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Plaintiff proceeds *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

To state a claim under § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

Plaintiff raises three potential theories of constitutional liability: (1) a Fourteenth Amendment due process claim based on the seizure of his personal property; (2) a First Amendment access-to-courts claim based on the confiscation of his legal mail and legal materials; and (3) a claim based on ongoing harassment by Sergeant Farley. None state a cognizable § 1983 claim as alleged.

### A. Deprivation of Personal Property

Plaintiff alleges that Sergeant Farley entered his cell in his absence and removed all of his personal property without authorization and without logging the entry as required by jail policy. (ECF No. 1 at 4-5.) A prisoner has a protected property interest in his personal property. *See Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 421 (3d Cir. 2000). However, a random and unauthorized deprivation of property by a state employee does not violate procedural due process when the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). New Jersey provides adequate post-

deprivation remedies for property loss caused by state employees, including through the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1 *et seq.*, and the inmate grievance process. *See Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010). Plaintiff's allegation that Farley confiscated his personal property in an unauthorized manner amounts, at most, to the kind of random conduct for which adequate state remedies exist. Thus, Plaintiff's procedural due process violation is dismissed.

**B. Access to Courts**

To the extent Plaintiff's claim rests on the confiscation of his legal mail and legal papers specifically, the Court construes it as asserting a denial of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right of access to the courts is a well-established constitutional right. Prison officials may not actively interfere with an inmate's ability to prepare or file legal documents, and the confiscation of legal materials is among the forms of interference the Constitution presumptively prohibits. *Id.*

To state an access-to-courts claim, however, a plaintiff must allege actual injury—that is, that the alleged interference caused him to lose a nonfrivolous legal claim or was otherwise prejudicial to pending or contemplated litigation. *Lewis*, 518 U.S. at 351-53. This actual-injury requirement is not a technicality; it reflects that the constitutional right protects the ability to litigate, not the integrity of legal materials as such. *Id.* at 351; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997). Accordingly, a plaintiff must identify a specific legal proceeding—past, pending, or contemplated—that was prejudiced by the loss of his materials. *Lewis*, 518 U.S. at 353 n.3. Mere allegations that legal mail or legal papers were confiscated, without more, do not suffice. *Id.* at 351-53; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997).

Here, the Complaint contains no allegation that the loss of Plaintiff's legal materials caused him to miss a filing deadline, lose a pending case, or otherwise suffer prejudice to any specific

legal proceeding. Plaintiff does not identify the nature of the legal materials taken, any court in which he had a matter pending, or any concrete harm to his litigation position. Without such allegations, the access-to-courts claim is not plausible on its face and is dismissed. *Iqbal*, 556 U.S. at 678.

### C. Harassment

Plaintiff alleges that Sergeant Farley "continues to abuse her power and mentally harass" him. (ECF No. 1 at 4.) Verbal harassment or verbal abuse by a prison official, standing alone, does not rise to the level of a constitutional violation actionable under § 1983. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012); *see also McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001). Plaintiff provides no factual allegations specifying the nature, frequency, or content of the alleged harassment, nor does he connect it to any deprivation of a cognizable constitutional right. Conclusory assertions, without supporting factual detail, do not satisfy the plausibility standard of *Iqbal*. 556 U.S. at 678. Thus, this claim is dismissed as well.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted. An appropriate Order follows.

Dated: October 29, 2026

Georgette Castner

**GEORGETTE CASTNER, U.S.D.J.**